IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ARON J. AUSTIN,**

        **Plaintiff,**

v.                                                                                  Case 2:21-cv-02541-TLP-cgc

**CAMPING WORLD OF MEMPHIS, INC.,
CAMPING WORLD COLLISION CENTER, INC.,
and CAMPING WORLD HOLDINGS, INC.,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR JOINDER
AND PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND**

---

      Before the Court is Plaintiff Aron J. Austin's Motion for Joinder (Docket Entry ("D.E.") #12), Plaintiff's First Motion to Amend Complaint (D.E. #16), and Plaintiff's Second Motion to Amend Complaint (D.E. #20, #21, #22, #23). Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion for Joinder be DENIED and that Plaintiff's First and Second Motions to Amend Complaint be DENIED.

      **I.**      **Introduction**

      On August 23, 2021, Plaintiff filed a *pro se* Complaint for breach of contract and negligence against the following defendants: Camping World of Memphis, Inc.; Camping World Collision Center, Inc.; and, Camping World Holdings, Inc. (D.E. #1). On September 16, 2021,

1

Plaintiff filed his Motion for Joinder requesting that the court join and "implead" all legally liable parties to this action, including Camping World RV Sales, Inc. and its owners, John and Jane Doe 1-5. Plaintiff alleges that Camping World RV Sales, Inc. is owned by Camping World Holdings, Inc. Plaintiff further believes that Camping World RV Sales, Inc. operates as Camping World of Memphis, Inc. and Camping World Collision Center, Inc. Plaintiff states that, while he did not list Camping World RV Sales, Inc. in the caption of his Complaint, he did mention it in the body of his Complaint.[1]

On October 1, 2021, counsel for Camping World RV Sales, LLC filed a Response to the instant motion along with a supporting Declaration from Lindsey Christen, Senior Vice President, General Counsel, and Secretary of Camping World Holdings, Inc. The Response and supporting declaration assert as follows: (1) that the entity that Plaintiff seeks to join and implead—"Camping World RV Sales, Inc."—is not a legal entity; (2) that Camping World Memphis, Inc. and Camping World Collision Center, Inc. are non-existent entities; and, (3) that Camping World RV Sales, LLC and its parent company, Camping World Holdings, Inc., are the proper legal entities. Counsel for Camping World RV Sales, LLC advises that it is amenable to being named as a defendant in place of Camping World Memphis, Inc. and Camping World Collision Center, Inc.

On September 27 and October 4, 2021, respectively, Plaintiff filed his First and Second Motions to Amend. Therein, Plaintiff acknowledges that Camping World RV Sales, Inc. is not a legal entity and seeks to name Camping World RV Sales, LLC as a defendant. Plaintiff also seeks to name the Owner and CEO of Camping World Holdings, Inc., who he identifies as Marcus

---

[1] Plaintiff further states that he has already served Camping World RV Sales, Inc.; however, he has actually served Camping World RV Sales, LLC. (*See* D.E. #28). This Report and Recommendation recommends, *infra*, that Camping World RV Sales, LLC is the proper party.

2

Lemonis ("Lemonis"), as a defendant. Plaintiff additionally filed a proposed amended complaint.[2] (D.E. #21, #22, #23). Although Plaintiffs Motions for Leave to Amend only request adding the name of one entity defendant and one individual defendant, Plaintiff's Proposed Amended Complaint adds an additional twenty-one pages of allegations and numerous additional exhibits. Although Camping World RV Sales, LLC has already indicated in its Response to Plaintiff's Motion for Joinder that it is amenable to being named as a defendant in place of Camping World Memphis, Inc. and Camping World Collision Center, Inc., Defendants have not otherwise responded to Plaintiffs' Motions to Amend.

## II.   Proposed Analysis and Conclusions of Law

### a. Motion for Joinder

Rule 19 of the Federal Rules of Civil Procedure provides for joinder of required parties. Rule 19(a)(1) sets forth who constitutes a required party, and Rule 19(a)(2) provides that, "[i]f a person has not been joined as required, the court must order that the person be made a party. . . ." The first party Plaintiff proposes to join—Camping World RV Sales, Inc.—is a non-existent legal entity, which is not permissible. The second parties Plaintiff proposes to add are John and Jane Does 1-5, the alleged owners of the non-existent legal entity. As Camping World Sales, Inc. is not a legal entity, there are also no such owners. Further, the Court does not permit suits against unnamed John and Jane Does. Finally, Plaintiff seeks to join "all legally [l]iable parties to this

---

[2]  Plaintiff's document is entitled "Breach of Contract/Implied Contract: Service Agreement Negligence, Inferior workmanship, Impleader Claim. 1st Amended Complaint." This document will be referred to herein as his "Proposed Amended Complaint."

3

action." This is also not a proper joinder request as it does not name any parties or explain why any such individuals or entities would meet the criteria for required joinder. Accordingly, it is RECOMMENDED that Plaintiff's Motion for Joinder DENIED.[3]

### b. Motions for Leave to Amend

Rule 15(a) governs amending pleadings before trial and provides as follows:

**(1)** *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:

    **(A)** 21 days after serving it, or

    **(B)**  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, Plaintiff does not meet the requirements to amend his pleading as a matter of course, and the opposing parties have not consented to the amendment.  Thus, he may amend his pleading only with the court's leave.

Upon review, the bulk of the allegations in Plaintiff's Proposed Amended Complaint are similar, if not verbatim, to his original Complaint (Compl. ¶¶ 7-40; Prop. Am. Compl. ¶¶ 13-48); however, Plaintiff's Proposed Amended Complaint discusses his grievances with Defendants'

---

[3] Plaintiff's Motion for Joinder also states his request as one for impleader, which is governed by Rule 14 of the Federal Rules of Civil Procedure. Rule 14(a) sets forth the requirements for a *defending party* to bring in a third party. Rule 14(b) further specifies that a plaintiff may bring in a third party only when "a claim is asserted against a plaintiff" and "this rule would allow a defendant to do so." No claims have been asserted against Plaintiff in this case.  Thus, even if Plaintiff had sought to name a cognizable legal entity or a named individual, which he has not, he could not have done so by impleader.

repair service for an additional twenty-one pages. The Proposed Amended Complaint does contain occasional new allegations, including as to new and ongoing interactions between the parties (*see, e.g.* Prop. Am. Compl. ¶¶ 57-60); however, the fact that the disputes surrounding the repairs continue is not sufficient to permit Plaintiff to amend a pleading. If it were, the door would be open to near-constant amendments anytime Plaintiff unsuccessfully interacted with Defendants during the pendency of this litigation.

Plaintiff's Proposed Amended Complaint, however, does purport to raise a new claim for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. (the "Warranty Act"). The Warranty Act provides a federal cause of action for a "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty [or] implied warranty, or service contract, may bring suit for damages and other legal or equitable relief . . . ." *Id*. § 2310(d) (emphasis added). However, Plaintiff does not allege that Defendants violated any such obligation; instead, Plaintiff alleges that Defendants were performing contractual repairs on behalf of his insurer. (*See* Prop. Am. Compl. ¶¶ 13-15). Permitting leave to amend the complaint to add such a claim is futile as it would not survive a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). Accordingly, it is RECOMMENDED that Plaintiff's Motions to Amend be DENIED.

It is further RECOMMENDED that the District Court order the Clerk of Court to correct the docket to remove Camping World of Memphis and Camping World Collision Center, Inc. as Defendants and to add Camping World RV Sales, LLC as the proper Defendant.[4]

**DATED** this 2nd day of November, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[4] In recommending the denial of the Motions to Amend, it is recommended that Lemonis not be added as a Defendant, even though a summons was returned executed as to him on October 6, 2021.