# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ARON J. AUSTIN and DEREK L. SANDLIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:21-cv-02541-TLP-cgc ) ) JURY DEMAND |
| CAMPING WORLD OF MEMPHIS, CAMPING WORLD COLLISION CENTER, INC., and CAMPING WORLD HOLDINGS, INC., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Plaintiff, Aron J. Austin,[1] sued Defendants—Camping World of Memphis; Camping World Collision Center, Inc.; and Camping World Holdings, Inc.—pro se for breach of contract and negligence related to his Recreational Vehicle Camper ("RV"). (ECF No. 1-1.) Early on, Plaintiff filed several motions. For example, he moved for joinder (ECF No. 12) and for leave to amend his complaint twice (ECF Nos. 16 & 20). And under Administrative Order 2013–05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters.

After reviewing Plaintiff's motions, as well as Defendants' response to Plaintiff's motion for joinder (ECF No. 18 & 19), Judge Claxton issued a Report and Recommendation ("R&R")—

---

[1] Magistrate Judge Claxton added a Plaintiff to this matter, Derek Sandlin, at some point after she issued this Report and Recommendation. (*See* ECF No. 56.) Because this Court will only discuss matters that happened before Sandlin joined the litigation, when this Court uses the term 'Plaintiff' it is only referring to Plaintiff Austin.

recommending the Court deny all of Plaintiff's motions.  (ECF No. 38.)  Plaintiff later objected to Judge Claxton's R&R (ECF No. 39) and Defendants responded in favor of the R&R (ECF No. 48).

After reviewing Judge Claxton's R&R, along with Plaintiff's objection (ECF No. 39) and Defendants' response (ECF No. 48), this Court **ADOPTS** the R&R in part, as it relates to Plaintiff's motion for joinder, and **REJECTS** the R&R in part, as it relates to Plaintiff's amended complaint.

## BACKGROUND

### I.     Plaintiff's Allegations

The Court takes the following information from Plaintiff's original complaint.  (ECF No. 1-1.)  Plaintiff alleges that he bought an RV from Defendant Camping World Collision Center in Olive Branch, Mississippi.  (*Id.* at PageID 2.)  And after the purchase, the RV was damaged.  (*Id.*)  After consulting his insurer, Plaintiff took the RV back to Defendant Camping World of Memphis, Inc. for repairs.[2]  (*Id.* at PageID 3–4.)  Plaintiff alleges that he paid his insurance deductible, and that his insurance claim for the repairs had been approved, but that Defendants did not even try to repair his RV for several months.  (*Id.* at PageID 4.)  Eventually, after many months at Defendants' shop, Plaintiff claims that Defendants notified him that his RV was road ready and that they had completed all repairs.  (*Id.* at PageID 5.)

About seven months after that, Plaintiff alleges that he tried to use the RV for the first time since its repairs.  (*Id.*)  Plaintiff claims that when he tried to fill the RV's water tank that water started to spray out of the connection hose and gushed out of places that Defendants had supposedly repaired.  (*Id.*)  Plaintiff also contends that the spraying water hit the RV's fuse box,

---

[2] Plaintiff claims that this is the same location where he purchased the RV.  (*Id.* at PageID 3–4.)

causing the box to spark. (*Id.* at PageID 5–6.) He claims that the repair shop caused the water to spray because they "left out, didn't replace, the main hoses that carry the water from the inlet connection to the holding tank." (*Id.* at PageID 6.) Later, Plaintiff alleges that he found several RV parts discarded in the RV's sink. (*Id.*)

Plaintiff asserts that he called Defendants after the water and fuse box incident and that they sent an "independent RV mobile repair service man" to evaluate his RV. (*Id.*) That maintenance worker allegedly told Plaintiff that he needed to take the RV back to Defendants' shop for a "massive number of repairs[.]" (*Id.*) Plaintiff took the RV back to Defendants for repair. It was still there when he sued here.[3]

## II.     Procedural History

As a result of the alleged damage to the RV, Plaintiff sued, alleging breach of contract and negligence claims. (ECF No. 1.) Defendants Camping World RV Sales, LLC,[4] and Camping World Holdings, Inc. then answered Plaintiff's complaint. (ECF Nos. 10 & 11.) Plaintiff then moved for joinder "to add all legal parties that liability May be imposed upon, that's unknown to the plaintiff." (ECF No. 12 at PageID 145.) Along with claims against "Camping World Holding, Inc., Camping world RV Sales, Inc., and Camping World Collision Center, Inc.," Plaintiff "move[s] the court to enter a Joinder Order adding the owners of: Camping World RV Sales, Inc. defendants John and Jane Doe (1-5) that remains unknown to the plaintiff[.]" (*Id.* at PageID 146–47.)

---

[3] Defendants eventually returned Plaintiff's RV, which Plaintiff details in his amended complaint. (*See* ECF Nos. 16 & 20.)
[4] Defendant notes that Plaintiff incorrectly referred to it as "Camping World of Memphis, Inc. and/or Camping World Collision Center, Inc." in his complaint. (ECF No. 10 at PageID 122.) The Court respectfully **DIRECTS** the Clerk's office to reflect this change in the docket.

In their response to Plaintiff's joinder motion, Defendants argue that the Court should deny Plaintiff's motion because he tries to join a nonexistent entity, he has not met his burden under Rule 19(a), and because his motion is procedurally deficient. (ECF No. 18 at PageID 174–77 and ECF No. 19.)

Plaintiff then twice moved for leave to amend his complaint. (*See* ECF Nos. 16 & 20.) And in the motion, he noted that the amended complaint would correct Defendants' identity; add Marcus Lemonis, the CEO of Camping World, as a party to the suit; and add claims against Defendants Camping World RV Sales, LLC and Camping World Holdings, Inc. (ECF No. 16 at PageID 159–60.) Plaintiff also cited Rules 15(a)(1) and (2) to support his motion. (*Id.* at PageID 161.) Plaintiff's second motion for leave to amend contained the same information as his first, but also included information about why he seeks to add Marcus Lemonis as a party. (*Id.* at PageID 189.) In this second motion, Plaintiff also notes that, like for Defendants Camping World RV Sales, LLC and Camping World Holdings, Inc., he plans to bring additional claims against Marcus Lemonis in his amended complaint. After Plaintiff filed his second motion for leave to amend, he also submitted his amended complaint and its attachments. (*See* ECF Nos. 21–23.) Defendants did not respond to Plaintiff's motions for leave to amend.

About a month after Plaintiff filed his amended complaint, Judge Claxton issued an R&R, recommending that this Court deny Plaintiff's motion for joinder as well as his motions for leave to amend. (ECF No. 38.) The Court now turns to that R&R.

## THE REPORT AND RECOMMENDATION

Judge Claxton began the R&R by recounting the basics of Plaintiff's claims before diving into the case's procedural history. (*Id.* at PageID 437–38.) In this section, Judge Claxton

accurately outlined the nature of the dispute and accurately summarized the filings. (*Id.* at PageID 437–39.)

Judge Claxton then assessed the merits of Plaintiff's motions, starting with his joinder motion. (*Id.* at PageID 439–40.) Judge Claxton determined that Plaintiff's motion was inappropriate because he: (1) asks the Court to join a non-existent legal entity, (2) add several John and Jane Doe owners of the non-existent entity, and (3) asks the court to add all liable parties without providing any information about said parties. (*Id.* at PageID 439–40.) Judge Claxton also noted that Plaintiff did not show why his motion was appropriate under Rule 19. (*Id.* at PageID 440.) In the end, Judge Claxton recommended that this Court deny Plaintiff's joinder motion.

Next, Judge Claxton focused on Plaintiff's motions for leave to amend. (*Id.* at PageID 440–42.) She began by reciting Rules 15(a)(1) and (2). (*Id.* at PageID 440.) Judge Claxton noted that Plaintiff cannot amend under Rule 15(a)(1) because he "does not meet the requirements to amend his pleading as a matter of course." (*Id.*) She added that, although Plaintiff's proposed amended complaint relates to new incidents that occurred after he filed his initial complaint, the proposed amendment is improper under 15(a)(2) because he failed to allege enough new facts about the incident. (*Id.* at PageID 441.)

Judge Claxton then addressed both the new claim and the new party that Plaintiff wanted to add in his proposed amended complaint. (*Id.* at PageID 440–42.) Judge Claxton found that Plaintiff's new claim, brought under the Magnuson-Moss Warranty Act, would likely not survive a motion to dismiss and should be considered futile. (*Id.* at PageID 440.) As for the new party, Judge Claxton, in a footnote, recommended that this Court not add Marcus Lemonis to this suit without further analysis. (*Id.* at PageID 441 n.4.)

After reviewing the R&R, Plaintiff's motions, Defendants' responses, and the relevant case law, the Court agrees with Judge Claxton on Plaintiff's motion for joinder and disagrees with her on Plaintiff's motion for leave to amend.  The Court therefore **ADOPTS** Judge Claxton's R&R in part and **REJECTS** her R&R in part.

## OBJECTIONS

This Court now turns to Plaintiff's attempts to object here.  For starters, this Court looks first to the Federal Rules of Civil Procedure for guidance about R&Rs.  Judge Claxton issued an R&R on a non-dispositive matter, meaning that Rule 72(a) applies.  Rule 72(a) states that "[a] party may serve and file objections to the order within 14 days after being served with a copy."  Fed. R. Civ. P. 72(a).  And when addressing a non-dispositive R&R that a party objects to, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id*.

A party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are . . . contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also United States v. Berry*, Nos. 05-20048, 10-12633, 2011 WL 1627902, at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report and recommendation must be specific challenges to the magistrate judge's conclusions.").  "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy."  *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at

509 (finding that a general objection to all of a magistrate judge's report "has the same effects as would a failure to object").

In sum, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380).

When reviewing a magistrate judge's R&R on a non-dispositive issue, district courts apply a "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "Review under Rule 72(a) provides 'considerable deference to the determinations of magistrates.'" *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014) (citing *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)). Reversal is warranted only if the magistrate judge abuses their discretion. *Bonasera v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021). And "[a]n abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Arucan v. Cambridge E. Healthcare/Sava Seniorcare LLC*, No. 16-12726, 2018 WL 272244, at *1 (E.D. Mich. Jan. 3, 2018) (citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)).

A few days after Judge Claxton issued the R&R, Plaintiff objected. (ECF No. 39.) And about a week after that, Defendants responded in support of the R&R. (ECF No. 48.) In his objection, Plaintiff seemingly does not dispute Judge Claxton's finding on his joinder motion, calling it "moot," and focuses on her recommendation to deny his motion to amend. (ECF No. 39.) In sum, Plaintiff argues that Judge Claxton misapplied Rule 15 in her R&R. (*Id.*)

7

In response, Defendants argue that this Court should adopt the R&R because, no matter which portion of Rule 15 Plaintiff tried to amend his complaint under, his amended complaint would be futile.[5]  (ECF No. 48 at PageID 579.)

This Court however finds Plaintiff's objection, related to his motion for leave to amend, to be well-taken.  Plaintiff moved for leave to amend on September 27, 2021, twelve days after Defendants answered his complaint.  (*See* ECF Nos. 10, 11, & 16.)  But he merely moved for leave to amend without including a proposed amended complaint.  (ECF No. 16.)  Then, nineteen days after Defendants answered Plaintiff's initial complaint, Plaintiff moved again for leave to amend his complaint.  (ECF No. 20.)  This time, Plaintiff also filed his amended complaint and attachments.  (*See* ECF Nos. 21, 22, & 23.)  Plaintiff even titled his amended complaint "1st Amended Complaint."  (ECF No. 21.)  As a result, the Court finds that Plaintiff first amended his complaint on October 4, 2021, within twenty-one days of Defendants' responsive pleadings.  And for that reason, under Rule 15, Plaintiff had a right to amend his complaint, to add parties and claims. Fed. R. Civ. P. 15(a)(1)(B).

The Court will not decide whether Plaintiff's amended complaint has futile claims; for, when a plaintiff has a right to amend their complaint as a matter of course, this Court lacks the authority to reject the complaint for futility at this stage.  *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *4 (6th Cir. Jan. 23, 2009).

The Court, therefore, **ADOPTS** Judge Claxton's R&R as it relates to Plaintiff's joinder motion.  That said, it **REJECTS** the R&R as it relates to Plaintiff's amended complaint. Plaintiff's first amended complaint (ECF Nos. 21, 22, & 23) is now the operative complaint.

---

[5] Defendants did not respond to Plaintiff's motion for leave to amend, and their only basis for claiming that the amendment would be futile is Judge Claxton's R&R—which provides no analysis on the question of futility.

## **CONCLUSION**

Having reviewed the R&R and the appropriate filings, the Court **ADOPTS** the R&R in part and **REJECTS** the R&R in part.

**SO ORDERED**, this 31st day of May, 2022.

          s/Thomas L. Parker
          THOMAS L. PARKER
          UNITED STATES DISTRICT JUDGE