# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ARON J. AUSTIN and DEREK SANDLIN,

      **Plaintiffs,**

v.                                                         Case 2:21-cv-02541-TLP-cgc

CAMPING WORLD RV SALES, LLC,
CAMPING WORLD OF MEMPHIS, INC.,
CAMPING WORLD COLLISION CENTER, INC.,
CAMPING WORLD HOLDINGS, INC., and
MARCUS ANTHONY LEMONIS,

      **Defendants.**

# ORDER

Before the Court, by way of Administrative Order 2013-05[1], are the following motions filed by Plaintiffs Aron J. Austin and Derek Sandlin:

- Motion to renew motion for default and entry of default judgment as to Marcus A. Lemonis (D.E. # 85)

- Motion to set aside order denying motion for entry of default (D.E. # 89)

- Motion to strike all Defendants affirmative defenses (D.E. # 107)

and the following motions filed by the Defendants:

- Motion to seek clarification regarding Court's Order entered May 31, 2022 (D.E. # 92)

- Motion to stay discovery (D.E. # 105)

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

- Motion for status conference (D.E. # 116)

Based on a review of the motions, responses and the record as whole, the motions will be resolved as follows:

1. **Motion to renew motion for default and entry of default judgment as to Marcus A. Lemonis (D.E. # 85); Motion to set aside order denying motion for entry of default[2] (D.E. # 89)**

On November 4, 2021, Plaintiff Austin filed a "Request for Entry of Default" against Camping World Rv Sales LLC, Camping World Collision Center, Camping World Holdings, Inc. and Marcus A. Lemonis.  (D.E. # 40)  These parties were named in a proposed amended complaint filed by Plaintiff Austin on September 27, 2021 (D.E. # 16) and a subsequent motion to amend on October 4, 2021.  (D.E. #  20 - 23)  On November 9, 2021, Plaintiff Austin filed a motion to set aside the Clerk of Court's order denying the motion for default.  (D.E. # 44)  On November 10, 2021, the undersigned entered an order explaining that, because there was a pending Report and Recommendation to deny the Motion to Amend, there was no requirement that the named proposed defendants file an answer or other response until such time as the District Court resolved the issue. (D.E. # 47)  On May 31, 2022, the District Court entered an Order affirming in part and overruling in part the Report and Recommendation and held that the documents filed at docket entries 21, 22

---

[2] In this Motion, Plaintiffs seek entry of default as to all of the defendants.  Plaintiff Austin's original complaint named Camping World Collision Center, Inc., Camping World Holdings, Inc. and Camping World of Memphis as defendants.  Summonses were returned executed as to Camping World of Memphis and Camping World Holdings, Inc. alleging service on August 24, 2021 and August 25, 2021 respectively (D.E. # 5, 6)  Camping World Collision Center, Inc., Camping World Holdings, Inc. and Camping World of Memphis filed answers on September 15, 2021.  (D.E. # 10, 11)  Fed.R.Civ.P 55(a) states that when a party has <u>failed to plead or otherwise defend</u>, the clerk must enter the party's default. (emphasis added)  Here, the defendants did not fail to plead and therefore, the denial of the entry of default by the Clerk of Court is correct.

2

and 23 constituted the operative complaint.  (D.E. # 84)  At the time that order was entered, there was an order staying filing in the case.  (D.E. # 78)  On June 15, 2022, the stay was lifted (D.E. # 94)  This order also tolled the time from May 31, 2022 to June 15, 2022 for the Defendants to answer or otherwise respond because the Defendants were restrained from filing during that time period by order of the court.

On June 29, 2022, Defendant Camping World RV Sales filed an answer to the amended Complaint.  (D.E. # 96)  On the same date, motions to dismiss were filed by Defendants Camping World Collision Center, Camping World Holdings, Inc. and Marcus A. Lemonis.  (D.E. # 99, 100)

Fed.R.Civ.P 15(a)(3) governs the time to respond to an amended pleading.  While it states that the response must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later, unless the court orders otherwise.  In this case, the court has ordered otherwise after the entry of the District Court Order on the affirming in part and overruling in part the Report and Recommendation and the Magistrate Judge Order lifting the stay.  Further, Fed.R.Civ.P 55(a) states that when a party has <u>failed to plead or otherwise defend</u>, the clerk must enter the party's default. (emphasis added)  The answer and motions to dismiss were timely filed.  The defendants have not failed to plead or otherwise defend therefore the Motion to Renew Plaintiff's Motion for Default and Entry of Default Judgment and Plaintiffs' Renewed Motion to Set Aside Clerk's Order Denying Plaintiff's Motion for Default and Entry of Default Judgment are DENIED.

### 2. Motion to strike all Defendants affirmative defenses (D.E. # 107)

Plaintiffs seek an order striking all of the Defendants' affirmative defenses because the motions to dismiss and the answers are untimely and because the defenses have been waived. (D.E. # 107)  As discussed above and in footnote 2, none of the defendants answers or motions to dismiss are filed untimely.  Fed.R.Civ.P 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The rule does not provide that a defense be stricken for being untimely.

The remaining argument is whether the defendants have waived any of their defenses pursuant to Fed.R.Civ.P 12(h).  The only defenses that can be waived pursuant to Fed.R.Civ.P 12(h)(1) are for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process and insufficient service of process.  For these specific defenses to be waived, the party proposing the defenses must have failed to make the motion under Rule 12, failed to include the defenses in a responsive pleading or have omitted the defensed from motions allowed under Rule 12(g)(2).

Plaintiffs argue that "an answer with affirmative defenses were filed first in the matter to the amended action, prior to the motion to dismiss."  The motion does not make clear which defendant or defendants they are referring to.  Only two motions to dismiss have been filed in this case – motion to dismiss pursuant to Rules 12(b)(2) and (6) by Camping World Holdings, Inc. (D.E. # 99) and motion to dismiss pursuant to Rule 12(b)(6) by Marcus Lemonis (D.E. # 100). Neither Camping World Holdings, Inc. nor Marcus Lemonis has filed an answer in this case. Therefore, the conditions under which a defense may be waived have not been met as to any of the defendants in this case.  Plaintiffs' motion to strike affirmative defenses is DENIED.

3. **Motion to seek clarification regarding Court's Order entered May 31, 2022 (D.E. # 92); Motion to stay discovery (D.E. # 105); Motion for status conference (D.E. # 116)**

Defendants' motion to seek clarification regarding the Court's Order entered May 31, 2022 was addressed in the order lifting stay (D.E. # 96) and is now MOOT. Because there remain motions that will determine whether defendants Camping World Rv Sales LLC, Camping World Collision Center, Camping World Holdings, Inc. and Marcus A. Lemonis remain in this matter and what claims may be pursued against them (D.E. # 49, 59, 99, 100), it is not an efficient use of time for the parties to engage in discovery until these motions are resolved. The motion to stay discovery is GRANTED. The scheduling order dates for the following activities are STAYED pending a subsequent scheduling conference which will be scheduled after the resolution of the motions at D.E. # 49, 59, 99, and 100:

- Alternative dispute resolution
- Completing all discovery
- Expert witness disclosures
- Daubert motions
- Supplementation under rule 26(e)(1)
- Dispositive motions

The motion for status conference is GRANTED. The status conference will be set as a Teams video hearing on August 10, 2022, 2:30 pm.

Plaintiffs' Motion to renew motion for default and entry of default judgment as to Marcus A. Lemonis (D.E. # 85), Motion to set aside order denying motion for entry of default (D.E. # 89), and Motion to strike all Defendants affirmative defenses (D.E. # 107) are DENIED

Defendants Motion to seek clarification regarding Court's Order entered May 31, 2022 (D.E. # 92) is MOOT; the Motion to stay discovery (D.E. # 105) and Motion for status conference (D.E. # 116) are GRANTED.

**IT IS SO ORDERED** this 1st day of August, 2022.

    s/ Charmiane G. Claxton
    CHARMIANE G. CLAXTON
    UNITED STATES MAGISTRATE JUDGE