IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ARON J. AUSTIN and DEREK L. SANDLIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:21-cv-02541-TLP-cgc ) ) JURY DEMAND ) |
| CAMPING WORLD OF MEMPHIS, CAMPING WORLD COLLISION CENTER, INC., and CAMPING WORLD HOLDINGS, INC., AND MARCUS ANTHONY LEMONIS, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiffs Aron Austin and Derek Sandin ("Plaintiffs")[1] sued Camping World RV Sales, LLC ("Camping World"),[2] Camping World Holdings, Inc. ("CWH"), and Mr. Marcus Lemonis ("Lemonis") pro se for several claims relating to repairs on a recreational vehicle ("RV"). Under Administrative Order 2013–05, the Court referred this case to Judge Claxton for management of all pretrial matters. Plaintiff Austin filed several motions early and this Court has ruled on two previous Report and Recommendation ("R&R") orders by Judge Claxton. (ECF No. 84, 125.)

---

[1] Plaintiff Aron Austin filed the original suit. (ECF No. 1.) Magistrate Judge Charmiane G. Claxton ("Judge Claxton") later joined Plaintiff Derek Sandin, co-owner of the RV at issue, as a required party. (ECF No. 56.)

[2] Plaintiff originally referred to this Defendant as "Camping World of Memphis and Camping World Collision Center, Inc." (ECF No. 1.) The Court directed the Clerk's office to fix this error in a previous order. (ECF No. 84 at PageID 1033.)

This order will address two motions to dismiss by two Defendants: Defendant CWH (ECF No. 99) and Defendant Lemonis (ECF No. 100).[3]  Plaintiffs responded to these motions (ECF No. 103, 104) and Defendants replied (ECF No. 109, 110.)  Judge Claxton issued an R&R recommending that this Court grant both motions.  (ECF No. 126.)  Plaintiffs then objected (ECF No. 128), and Defendants responded (ECF No. 129).  After reviewing the filings and the record here, the Court **ADOPTS** the R&R in full.

## BACKGROUND

I.   **Plaintiff's Allegations**

The Court takes the following information from Plaintiff Austin's original complaint.  (ECF No. 1-1.)  Plaintiff Austin alleges that he bought an RV from Defendant Camping World in Olive Branch, Mississippi.  (*Id.* at PageID 2.)  After the purchase, the RV was damaged.  (*Id.*)  He then consulted his insurer and took the RV to Defendant Camping World for repairs.  (*Id.* at PageID 3–4.)  According to Plaintiff Austin, he paid his insurance deductible, and his insurance company approved his claim for the repairs, but that Defendants did not even try to repair his RV for several months.  (*Id.* at PageID 4.)  Eventually, after many months at Defendants' shop, Plaintiff Austin claims that Defendants notified him that his RV was "road-ready" and that they had completed all repairs.  (*Id.* at PageID 5.)

About seven months later, Plaintiff Austin alleges that he tried to use the RV for the first time since its repairs.  (*Id.*)  When he tried to fill the RV's water tank, water sprayed out of the connection hose and gushed out of places that Defendants had supposedly repaired.  (*Id.*)  And he contends that the spraying water hit the RV's fuse box, causing it to spark.  (*Id.* at PageID 5–

---

[3] Defendant CWH moved to dismiss Plaintiffs' claims for lack of personal jurisdiction and failure to state a claim.  (ECF No. 99.)  Defendant Lemonis moved to dismiss for failure to state a claim.  (ECF No. 100.)

6.) He also claims that the repair shop caused the water to spray because they "left out, didn't replace, the main hoses that carry the water from the inlet connection to the holding tanks." (*Id.* at PageID 6.)  Even more, Plaintiff Austin alleges that he later found several RV parts discarded in the RV's sink. (*Id.*)

As a result, he allegedly called Defendants, and they sent an "independent RV mobile repair service man" to evaluate his RV. (*Id.*)  That maintenance worker allegedly told Plaintiff Austin that he needed to take the RV back to Defendants' shop for a "massive number of repairs[.]" (*Id.* at PageID 7.)  Then he sued.

## II.     Procedural History

The Court recounted this case's elaborate procedural history until Judge Claxton's first R&R (ECF No. 38) in its earlier order. (ECF No. 84 at PageID 3–4.)  That order resulted in Plaintiff Austin's amending his complaint which added "Breach of Contract/Implied Contract: Service Agreement, Negligence, Inferior workmanship, Impleader Claim" (ECF No. 21), and the Clerk of Court renaming Defendants "Camping World of Memphis and Camping World Collision Center, Inc." as Defendant "Camping World RV Sales, LLC." (*Id.* at PageID 1033.)

In November 2021, Plaintiff Austin then filed his Third Motion to Amend to change one of the defendant's names, implead Defendants CWH and Lemonis, and add a claim for "inferior, sub-par workmanship." (ECF No. 49.)  About a month later, Judge Claxton granted Defendants' unopposed motion to join Plaintiff Sandlin, co-owner of the RV with Plaintiff Austin, as a necessary party. (ECF No. 56.)  Both Plaintiffs then moved for the fourth time to Amend their complaint, incorporating the amendments from the Third Motion to Amend along with new claims for unjust enrichment, false advertisement, and unethical business practices. (ECF No.

59.) Judge Claxton recommended that this Court deny both motions (ECF No. 121), which this Court adopted in full (ECF No. 125).

In June 2022, Defendants CWH and Lemonis moved to dismiss Plaintiffs' remaining claims of breach of contract, negligence, piercing of corporate veil, and violation of the Magnusson-Moss Warranty Act and the Parties fully briefed the issues. (ECF No. 99, 100, 103, 104, 109, 110.) And Judge Claxton issued an R&R recommending the Court grant both Defendants' motions. (ECF No. 126.) The Court will now summarize Judge Claxton's R&R.

## REPORT AND RECOMMENDATION

### I. Defendant CWH's Motion to Dismiss

Judge Claxton began with a discussion on Defendant CWH's motion to dismiss for lack of personal jurisdiction. (ECF No. 126 at PageID 1849.) In this section, Judge Claxton outlined the Sixth Circuit's approach both to general and specific personal jurisdiction. (*Id.* at PageID 1851–52.)

Judge Claxton applied the general personal jurisdiction standard and found that, because Defendant CWH is a Delaware corporation with a principal place of business in Illinois, Plaintiffs cannot hail it into this Court. (*Id.* at PageID 1851.) Noting that Plaintiffs have not shown otherwise, she recommended that this Court not exercise general personal jurisdiction over Defendant CWH. Judge Claxton next applied the Sixth Circuit's three-pronged test for deciding whether specific personal jurisdiction exists over out-of-state defendants. (*Id.* At PageID 1852.) Noting that Plaintiffs have not met any of these prongs, she recommended that this Court may not exercise specific personal jurisdiction over Defendant CWH. (*Id.*) As a result, she recommended that this Court grant Defendant CWH's motion to dismiss for lack of personal jurisdiction. (*Id.*)

## II.     Defendant Lemonis's Motion to Dismiss

Judge Claxton then considered Defendant Lemonis' motion to dismiss.  (*Id.*)  Judge Claxton organized her analysis of this motion to dismiss into four parts: (1) breach of contract, (2) negligence, (3) Magnuson-Moss Warranty Act, and (4) piercing the corporate veil.

Judge Claxton recommended granting Defendant Lemonis's motion to dismiss Plaintiffs' breach of contract claim.  (*Id.* at PageID 1854.)  She noted that "only parties to contracts are liable for their breach," under Sixth Circuit law.  (*Id.*)  Because Plaintiffs' amended complaint does not allege that Defendant Lemonis is a party to the agreement—purportedly creating an obligation to repair the RV—Judge Claxton found that Plaintiffs failed to plead a short and plain statement of a claim for breach of contract.  (*Id.*)

Judge Claxton also recommended granting Defendant Lemonis' motion to dismiss the negligence claim.  (*Id.* at PageID 1855.)  She listed the elements of negligence and explained that the amended complaint does not plead how Defendant Lemonis had a personal duty to repair Plaintiffs' RV or how he breached that duty.  (*Id.*) ("Despite Plaintiffs general allegations, he does not plead how he believes the CEO of CWH, whose principal place of business is in Illinois, personally owed a duty to him to make repairs on an RV in Tennessee or how he breached that duty.  In fact, there is no allegation that Lemonis played any role—or even knew about—the agreement [to make repairs on Plaintiffs' RV.]")

As for Plaintiffs' claim under the Magnuson-Moss Warranty Act, which establishes a federal cause of action for contractual warranties, Judge Claxton also recommended granting Defendant Lemonis' motion to dismiss.  (*Id.* at PageID 1856.)  Noting that the law's purpose is to impose requirements upon those who issue consumer warranties, Judge Claxton reasoned that

Plaintiffs do not allege that Defendant Lemonis is a "warrantor" who would have obligations under the act. (*Id.* (citing Sixth Circuit cases and 15 U.S.C. § 2301).)

Lastly, Judge Claxton recommended dismissal of what she construed as Plaintiffs trying to pierce the corporate veil. (*Id.* at PageID 1857.) She began by pointing out that "parent corporations are not (generally) liable for the acts of their subsidiaries." (*Id.* (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1988).) She also noted that Defendant Camping World, which is "the first veil that Plaintiffs would need to pierce, is a Minnesota limited liability company, as are the next seven intermediaries above it." (*Id.*) Citing Tennessee's adherence to the "internal affairs' doctrine," which mandates the use of the state of incorporation's law in resolving substantive issues of a corporation's activity in Tennessee, she applied Minnesota law in finding that Plaintiffs have not met the legal requirements for corporate veil-piercing. (*Id.* at PageID 1858.)

Judge Claxton wrote that Minnesota law requires a showing of fraud or some element of injustice or fundamental unfairness. (*Id.* at PageID 1859 (citing *Equity Trust Co. Custodian ex rel. Eisenmenger IRA v. Cole*, 766 N.W.2d 334, 339 (Minn. Ct. App. 2009)).) Judge Claxton then observed that Plaintiffs allege no fraud by Defendant Lemonis, or that his "failure to deliver promises to keep customers happy," is enough to meet Minnesota law's alter ego test. (*Id.* (identifying the multifactor test laid out in *Victoria Elevator Co. v. Meriden Grain Co.*, 283 N.W.2d 509, 512 (Minn. 1979)).) The Court will now analyze Judge Claxton's R&R.

## **DISPOSITION**

For starters, this Court looks to the Federal Rules of Civil Procedure for guidance about R&Rs. Rule 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party objecting to the R&R must do so specifically enough "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also United States v. Berry*, Nos. 05-20048, 10-12633, 2011 WL 1627902, at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report and recommendation must be specific challenges to the magistrate judge's conclusions."). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to all of a magistrate judge's report "has the same effects as would a failure to object").

What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In sum, "[t]he filing of vague, general, or

conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380).

I.  **The Court Finds no Clear Error in Judge Claxton's Recommendation to Grant CWH's Motion to Dismiss for Lack of Personal Jurisdiction.**

Plaintiffs objected to Judge Claxton's R&R, but their objections neither explain how Judge Claxton erred in her analysis, nor identify specific challenges to her conclusions. So, the Court applies a "clear error" review of the record. *See Howard*, 932 F.2d at 509.

The Court agrees with Judge Claxton's discussion of general personal jurisdiction, concluding with *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (affirming limitations on personal jurisdiction over corporations to their state of incorporation and principal place of business absent exceptional circumstances). Because Defendant CWH is a Delaware and Illinois citizen, Plaintiffs must meet a high bar showing that CWH was essentially "at home" in Tennessee to justify this Court's exercise of general personal jurisdiction. (*Id.*) Plaintiffs' objections merely restate the law without asserting facts that would meet this high bar established in *Daimler*. So the Court adopts Judge Claxton's recommendation on this issue. (ECF No. 128 at PageID 1896.)

As to specific personal jurisdiction, Plaintiffs again failed to identify errors in Judge Claxton's recommendation. Plaintiffs did not challenge Judge Claxton's application of the Sixth Circuit standard to Plaintiffs' complaint (and its lack of operative facts). (ECF No. 126 at PageID 1852.) Rather, their objection asks the Court to find that Defendant CWH had minimum contacts with Tennessee because of activities like "mailing their answers, amended answer, and declaration To the plaintiffs," and "placing numerous calls directly to the plaintiffs home," which is in Tennessee. (*Id.* at PageID 1896–97.) As discussed above, because Plaintiffs improperly

8

raise this for the first time in their objections, the Court may not consider this argument, absent a compelling reason. *See Murr* 200 F.3d 895 at 902. Defendant CWH preserved its personal jurisdiction defense in its answer and amended answer. (ECF No. 11, 17.) Despite this notice, Plaintiffs have given no compelling reason justifying why it did not argue this position to Judge Claxton in this protracted litigation. For these reasons, the Court finds no clear error with Judge Claxton's recommendation to grant Defendant CWH's motion to dismiss for lack of personal jurisdiction.

Because the Court agrees that it cannot exercise personal jurisdiction over Defendant CWH, Plaintiffs' claims against CWH fail. The Court will now turn to Plaintiffs' claims against Defendant Lemonis.

## II.     The Court Finds no Clear Error in Judge Claxton's Recommendation to Grant Defendant Lemonis's Motion to Dismiss.

Plaintiffs once again failed to identify, with enough (or any) specificity, issues from Judge Claxton's report and recommendation. (ECF No. 128 at PageID 1884–1895.) Because general objections have the "same effects as would a failure to object," the Court once again will apply a "clear error" standard of review. *See Howard*, 932 F.2d at 509.

### A.     Breach of Contract

The record supports Judge Claxton's conclusion that Plaintiffs' amended complaint fails to allege that Defendant Lemonis is a party to the agreement between Plaintiffs and Camping World. Plaintiffs' objections do not address this point, only repeating Plaintiffs' insistence that Defendant Lemonis is "the one with Over 51 percent of the control votes, making him owner of Camping World RV Sales LLC." (ECF No. 128 at PageID 1885.) After reviewing the record, the Court finds no clear error in Judge Claxton's analysis.

### B. Negligence

The record also supports Judge Claxton's finding that Plaintiffs failed to plead that Defendant Lemonis had a personal duty to repair Plaintiffs' RV, or how Lemonis breached said duty. Plaintiffs' objections merely restate legal conclusions (for the first time in this Court), arguing that Defendant Lemonis owed a duty to Plaintiffs. (*Id.* at PageID 1889.) Plaintiffs presented no compelling reasons why the Court should consider these newly-raised arguments. Once again, the Court will not consider this new information. Even if the Court did consider the legal conclusions, Plaintiffs fail to identify a clear error. And so the Court finds that Judge Claxton made no clear error in her recommendation to dismiss the negligence claim.

### C. Magnuson-Moss Warranty Act

The record also supports Judge Claxton's finding that Plaintiffs do not allege Defendant Lemonis is a warrantor with obligations towards Plaintiffs under the Magnuson-Moss Warranty Act. Plaintiffs made no specific objections on this issue, and the Court finds no clear error in Judge Claxton's reasoning. The Court adopts her recommendation to dismiss the claim under the Magnuson-Moss Warranty Act.

### D. Piercing the Corporate Veil

Finally, the record shows Judge Claxton made no clear error in finding Plaintiffs failed to present a basis for piercing Defendant Camping World's corporate veil. The consistent theme in Plaintiffs' objections is that Defendant Lemonis, as the CEO of Defendant CWH, is liable for their claims against Defendant Camping World. (ECF No. 128 at PageID 1881–90.) Plaintiffs' objections relabel its amended complaint arguments that Defendant Lemonis is the "FACE of the company," that he "holds over 51% of Controlling stock and votes," that he is "Responsible for

making major corporate decisions." (ECF No. 128 at PageID 1894; ECF No. 21 at PageID 214–18.)) Yet Plaintiffs do not show any error by Judge Claxton.

Minnesota law's standard for corporate veil-piercing is more exacting. It requires an inquiry that considers seven factors. (ECF No. 126 at PageID 1860.) Even when this Court takes Plaintiffs' allegations—not conclusions—as true, they do not establish that Defendant Lemonis abused the corporate form, much less that he should be personally liable for the actions of a subsidiary company. Judge Claxton made no clear error here.

## CONCLUSION

Having reviewed the R&R and record here, the Court **ADOPTS** the R&R in full. The Court therefore **GRANTS** Defendant CWD's and Defendant Lemonis's motions to dismiss **WITH PREJUDICE**.

**SO ORDERED**, this 9th day of February, 2023.

                                           s/Thomas L. Parker
                                           THOMAS L. PARKER
                                           UNITED STATES DISTRICT JUDGE