# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**ARON J. AUSTIN and**
**DEREK L. SANDLIN,**

        **Plaintiffs,**

v.                                                                                            Case 2:21-cv-02541-TLP-cgc

**CAMPING WORLD RV SALES, LLC,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION ON
## CAMPING WORLD RV SALES, LLC'S MOTION FOR SUMMARY JUDGMENT
## AND
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

Before the Court are the following cross-motions: Defendant Camping World RV Sales, LLC's ("Camping World") Motion for Summary Judgment (Docket Entry ("D.E.") #260); and, Plaintiffs' Motion for Summary Judgment (D.E. #261).[1] Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Camping World's Motion for Summary Judgment be GRANTED and Plaintiffs' Motion for Summary Judgment be DENIED.

---

[1] The title of Plaintiffs' motion is "Plaintiffs['] Joint Motion for Partial Summary Judgment, Pursuant to FRCP 56, as to Liability on All Claims." (D.E. #261 at PageID 5503). While Plaintiffs' state that they are requesting "partial summary judgment," they then state that they seek summary judgment on "all claims" that they are pursuing—namely, breach of contract and negligence. (*Id.*). Their memorandum also addresses both their breach of contract and negligence claims. (*See* D.E. #261-1). Accordingly, the Court considers Plaintiffs' motion as seeking summary judgment on all claims against Camping World RV Sales, LLC.

I.   **Introduction**

This case arises from what Plaintiffs allege to be unsatisfactory repairs made by Camping World RV Sales ("Camping World") to their 2016 Dutchman Aero Lite camper (the "Camper"). Following Camping World's Motion to Dismiss, two claims survived—breach of contract and negligence. (D.E. #130).

On December 29, 2023, Camping World filed its Motion for Summary Judgment. Camping World argues that Plaintiffs' breach-of-contract claim must fail because they have not identified the existence of an enforceable contract or the terms allegedly breached. Camping World argues that Plaintiffs' negligence claim fails because they do not have an expert witness to testify as to the applicable standard of care or whether it was breached. Also on December 29, 2023, Plaintiffs filed their Motion for Summary Judgment. Plaintiffs argue that summary judgment is inappropriate as there are genuine issues of material fact that should be decided at trial.

## II.     Proposed Findings of Fact[2]

In December 2018, Plaintiffs purchased a used Alpinelite vehicle, VIN 4YDT2422XGP910671 (the "Camper"), from Camping World. (D.E. #250-1 at PageID 5278-81). Plaintiffs inspected the Camper at the time of purchase. (D.E. #260-3 at 21:7-11). Plaintiffs purchased the Camper "as is" with no warranties. (D.E. #250-1 at PageID 5278-80; D.E. #260-3 at 30:8-14, 108:9-109:17; D.E. #260-4 at 51:1-4, 52:2-13, 54:12-23). The purchase price of the Camper was $23,132.00, and Sandlin paid $5,000.00 up front. (D.E. #250-1 at PageID 5278; D.E. #260-3 at 42:18-22, 150:21-24).

During Plaintiffs' use of the Camper in May 2020, they experienced a flat tire on the passenger side of their vehicle while camping. (D.E. #260-3 at 67:6-14; 87:1-24). They initially replaced the flat tire with a spare tire at the campsite but then purchased a new tire at an unnamed repair shop and installed it themselves when they returned to the campsite. (D.E. #260 at 70:5-17) At no point after sustaining the flat tire did they inspect any of the other tires. (D.E. #260-3 at 85:10-17). When they left from their camping trip to proceed home, the tire on the driver's side "shredded" off and, as the tread was coming off, it "beat a hole in the RV floor and pieces of the

---

[2] Camping World filed its Statement of Undisputed Material Fact, as required by Local Rule 56.1(a), as an exhibit to its Motion for Summary Judgment. (D.E. #260-2). Plaintiffs did not respond to Camping World's Statement of Undisputed Material Fact as required by Local Rule 56.1(b).

Plaintiffs filed a document entitled "Plaintiffs['] Undisputed Facts" in support of their own Motion for Summary Judgment. (D.E. #261-11). Although they attached a number of exhibits to their motion, their statement of undisputed material facts contains no citations to the appropriate portions of the record to support their facts, which does not comply with Local Rule 56.1(b).

Accordingly, it is RECOMMENDED pursuant to Local Rule 56.1(d) that Camping World's Statement of Undisputed Material Fact be deemed as undisputed for purposes of these cross-motions for summary judgment.

camper and Styrofoam and pieces of wood [went] everywhere down the interstate." (*Id*. at 70:20-71:10, 87:1-24).

Following this incident, Plaintiff Sandlin paid Camping World $500.00 towards the State Farm insurance company deductible for repairs to the Camper. (D.E. #260-3 at 100:24-101:4, 102:18-20; D.E. #260-4 at 29:2-3).[3] Camping World had to wait for Plaintiffs' insurer to approve the cost of repairs, which occurred in September 2020. (D.E. #260-3 at 78:16-21, 79:10-21, 80:3-7). Camping World contacted Plaintiff Sandlin for authorization to proceed with the repairs to the Camper. (D.E. #260-3 at 79:22-24). Camping World repaired the Camper. (D.E. #260-3 at 104:2-13). Work Orders reflect the repairs that were performed. (*See* D.E. #249-3 at 5253-54; D.E. #260-5). The Camper was released to Plaintiffs on December 22, 2020. (D.E. #260-3 at 111:23-112:2; D.E. #260-4 at 93:5-7; D.E. #260-5). Plaintiffs acknowledged that the repairs were to their satisfaction. (D.E. #260-4 at 93:8-94:3, D.E. #260-5 at PageID 5488). Specifically, Plaintiff Austin signed a document dated December 22, 2020 that stated as follows:

> I/We, the undersigned, acknowledge the foregoing as factual and I/we hereby acknowledge receipt of the completed workorder. I/We have inspected my/our vehicle and have examined the work done. I/We confirm that the requested work has been completed to my/our satisfaction.

(D.E. #260-5 at PageID 5488).

Plaintiffs did not attempt to use the Camper again until July 2021. (D.E. #260-3 at 103:21-104:1; 104:22-24). Camping World sent a "non-biased" inspector at no charge to Plaintiffs, and the inspector recommended that Plaintiffs return it to Camping World for additional repairs to be

---

[3] As context for how State Farm allegedly became involved, Plaintiffs' First Amended Complaint alleges that they returned the Camper to Camping World for repairs in June 2020 and that they advised that their insurance would be covering the costs of the repairs. (First Am. Compl. at PageID 195-96, ¶¶ 13, 17).

done.  (D.E. #260-3 at 133:1-12).[4]  Camping World came out to pick up the Camper to perform the repairs at no cost.  (D.E. #260-3 at 103:24-104:1, 134:4-16).  Camping World returned the Camper to Plaintiffs.  (D.E. #260-3 at 134:17-135:3).  Plaintiffs have not attempted to have any further repairs done to the Camper.  (D.E. #260-3 at 103:21-104:1; D.E. #260-4 at 156:21-23).

In the instant action, Plaintiffs seek relief against Camping World on claims of breach of contract and negligence.  (D.E. #260-3 at 37:17-21).  Plaintiffs describe the "contract" that they alleged to have been breached as "work orders."  (D.E. #260-3 at 138:13-18; D.E. #260-3 at 141:23-142:2; D.E. #260-4 at 48:20-23).  Plaintiffs have not specified a specific provision of, or an express obligation imposed by, the "work orders" that they allege Camping World breached.  (D.E. #260-3 at 138:19-139:2, 141:1-142:9; D.E. #260-4 at 39:20-23).  They simply state that Camping World was required under the work orders to repair the Camper "correctly" and "properly."  (D.E. #260-3 at 1426-9).

### III.  Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir.

---

[4] As context for why an inspector became involved, Plaintiffs allege that they found water damage in July 2021 which they allege demonstrates that the Camper was not properly repaired by Camping World when earlier repairs were done.  (*See* Pl.'s First Amend. Compl. at PageID 197-98 at ¶¶ 23-28).

1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### IV.     Proposed Analysis and Conclusions of Law

  a.  *Breach of Contract*

As to Plaintiffs' allegations that Camping World breached a contract, the essential elements of this claim are as follows: (1) the existence of an enforceable contract; (2) non-performance amounting to a breach of the contract; and, (3) damages caused by the breach of the contract. *ARC LifeMed, Inc. v. AMC-Tenn., Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). "[I]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Serv. Jewelry Repair, Inc. v. Cumulus Broadcasting, LLC*, 145 F. Supp. 3d 737, 752 (M.D. Tenn. 2015) (quoting *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 Fed. App'x 518, 522 (6th Cir. 2012)).

Fatal to their breach-of-contract claim, Plaintiffs have not clearly specified what contract or contracts—or any provisions of any document whatsoever—that they believe Camping World has violated. It appears that Plaintiffs have had several different theories about the basis for their breach-of-contract claim that have evolved during the pendency of this case. In response to Camping World's interrogatories, they confirmed that they were not aware of any oral contract. (D.E. #249-1 at PageID 5245; D.E. #249-2 at PageID 5249). In exhibits to their initial Motion for Summary Judgment, Plaintiffs reference "the terms and conditions of the agreed service contracts" or "service agreements." (D.E. #166-1 at PageID 2614, 2621, 2648, 2657); however, Plaintiffs have not identified which document(s) constitute these service contracts or agreements.

On yet another occasion, Plaintiffs stated that the contract at issue was the "work orders."[5] (D.E. #260-3 at 141:23-142:2).  However, it is undisputed that Plaintiffs have not identified a specific provision of, or an express obligation imposed by, any such "work orders" that they allege Camping World breached.  (D.E. #260-3 at 138:19-139:2, 141:1-142:9; D.E. #260-4 at 39:20-23). Further, when the initial work was complete and they picked up the Camper on December 22, 2020, Plaintiffs signed a statement stating as follows:  "I/We have inspected my/our vehicle and have examined the work done.  I/We confirm that the requested work has been completed to my/our satisfaction."  (D.E. #260-5 at PageID 5488).  As the Tennessee Court of Appeals has made clear, plaintiffs cannot sign such an acknowledgement and then pursue a breach-of-contract claim. *See Lapinsky v. Cook*, 536 S.W.3d 425, 428-29, 441-42 (Tenn. Ct. App. 2016) (upholding the trial court's grant of summary judgment based upon the earlier acknowledgement that repairs were satisfactorily performed); *Pidcock v. Ewing*, 435 F. Supp. 2d 657, 663 (E.D. Mich. 2006) (granting summary judgment when the plaintiff signed the repair order stating that the vehicle had been repaired and the repairs performed were satisfactory).

Accordingly, it is RECOMMENDED that Plaintiffs' breach-of-contract claims fails as a matter of law because Plaintiffs failed to cite to any specific contractual provision that Camping World breached, because there is no genuine dispute of material fact as to whether Plaintiffs satisfactorily performed the repairs that were completed in December 2020, and because Plaintiffs

---

[5] Just before Plaintiffs testified at their deposition that their breach-of-contract claims were based upon the work orders, they were asked about what document constituted a contract; Plaintiff Sandlin replied, "I don't have documents.  I just am making claims that [the Camper] was not working properly."  (D.E. #260-3 at PageID 138:13-18).

failed to cite any evidence regarding the later repairs done following Camping World's own inspection.

### b. *Negligence*

As to Plaintiffs' claim of negligence, such a claim requires as follows: (1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and, (5) proximate, or legal, cause. *McCall v Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). The standard of care is generally a question of law to be decided based on evidence and mixed considerations of logic, common sense, and public policy. *Tolliver v. Tellico Vill. Prop. Owners Ass'n, Inc.*, 579 S.W. 3d 8, 21 (Tenn. Ct. App. 2019) (citation omitted). "However, when negligence is not 'obvious and readily understandable by an average layperson, expert testimony will be required to demonstrate the applicable standard of care and breach of that standard.'" *Tolliver*, 579 S.W.3d at 21-22 (citation omitted).

Tennessee courts typically require expert testimony in cases involving complex products, *Coffey v. Dowley Mfg., Inc.*, 187 F. Supp. 2d 958, 972 (M.D. Tenn. 2002), and recreational vehicles are considered to be complex machines, *Pidcock*, 435 F. Supp. 2d at 663 (referring to motor homes as "complex product[s]"; *Rachel Stewart v. Norcold, Inc.*, No. 18-CV-2114 (NEB/DTS), 2020 WL 1244787, at *10 (D. Minn. Mar. 16, 2020) (reasoning that lay persons are generally not knowledgeable about, and have no experience with, recreational vehicle repairs and that, absent expert testimony, it would be speculative for a fact-finder to determine negligence and causation); *David Davenport v. Thor Motor Coach, Inc.*, No. 3:14-CV-537-J25-PDB, 2015 WL 13021664, at *5-*6 (M.D. Fla. Aug. 6, 2015), *aff'd*, 661 F. App'x 997 (11th Cir. 2016) (reasoning that the average juror likely has little knowledge or expertise with motorhome mechanics, defects, and

9

imperfections or with industry standards). In fact, Plaintiffs have repeatedly acknowledged during this case both that their claim would require an expert witness and that they do not have such expertise. (D.E. #191-13 at PageID 4096-97; D.E. #191-14 at PageID 4123-24; D.E. #200 at PageID 4397; D.E. #210 at 4528).

On September 11, 2023, Plaintiffs identified four expert witnesses in their expert witness disclosures—William Evans, Tommy Moses, Terry Roland, and Keystone RV Company. (D.E. #225-5 at PageID 4867-4872). Plaintiffs supplemented these disclosures on October 17, 2023, because their original disclosures did not comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. (D.E. #220). On December 4, 2023, the Court struck these expert witnesses from testifying pursuant to Rule 37(c)(1) based upon Plaintiffs' continued failures to comply with Rule 26 (a)(2)(B)-(C). (D.E. #248). The discovery phase has since concluded, (*see* D.E. #182), and Plaintiffs have no expert witness to testify as to the adequacy of the repairs of the Camper. Accordingly, it is RECOMMENDED that Plaintiff's negligence claim fails as a matter of law.

## V. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Camping World's Motion for Summary Judgment be GRANTED and Plaintiffs' Motion for Summary Judgment be DENIED.

**SIGNED** this 1st day of March, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON

                                                 UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

12