## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| ARON J. AUSTIN and DEREK L. SANDLIN, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 2:21-cv-02541-TLP-cgc |
| v. | ) ) | JURY DEMAND |
| CAMPING WORLD RV SALES, LLC, other Camping World of Memphis, other Camping World Collision Center, Inc., CAMPING WORLD HOLDINGS, INC., and MARCUS ANTHONY LEMONIS, CEO (official capacity), | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiffs Aron J. Austin and Derek L. Sandlin ("Plaintiffs") sued Camping World

RV Sales, LLC ("Defendant"), alleging it made shoddy repairs to their camper.  (ECF No. 1.)

The Court granted Defendant's Motion to Dismiss in part, with two claims surviving: negligence

and breach of contract.  (ECF No. 130.)  Defendant now moves for summary judgment on these

remaining claims.  (ECF No. 260.)  Rather than respond, Plaintiffs filed a "Joint Motion for

Partial Summary Judgment."[1]  (ECF No. 261.)  Defendant responded in opposition.  (ECF Nos.

267–68.)[2]

---

[1] Though Plaintiffs move for "partial summary judgment" their motion is styled as one seeking judgment "AS TO LIABILITY ON ALL CLAIMS" and the memorandum addresses the only claims at issue.  (ECF No. 261 at PageID 5503.)  So the Court considers Plaintiffs' motion as one for summary judgment on all claims.
[2] Plaintiffs also filed a document titled "Undisputed Facts" in support of their summary judgment motion.  (ECF No. 260-2.)  But Plaintiffs did not follow Local Rule 56.1 and include citations to

Under Administrative Order 2013-05, this Court referred these motions to Magistrate Judge Charmiane G. Claxton ("Judge Claxton"). Judge Claxton entered a Report and Recommendation ("R&R") recommending that the Court deny Plaintiffs' summary judgment motion and grant Defendant's. (ECF No. 277.) For the reasons below, the Court **ADOPTS** her R&R, **DENIES** Plaintiffs' Motion for Summary Judgment, and **GRANTS** Defendant's Motion for Summary Judgment.

## BACKGROUND AND THE R&R

Plaintiffs bought a used camper from Defendant, without a warranty, in December 2018. (ECF No. 277 at PageID 5791.) In May 2020, the camper suffered a flat tire. (*Id.*) That same day, a separate tire's tread "shredded" off, which damaged the camper's floor. (*Id.*) Plaintiffs filed a claim with their insurance company. (ECF No. 260-3 at PageID 5253–54.) Defendant then repaired the camper. (*Id.*) Plaintiffs signed a completed work order and affirmed that they were satisfied with the repairs. (*Id.*; *see also* ECF No. 260-5 at PageID 5488.)

Plaintiffs did not use the camper until the following summer. (ECF No. 277 at PageID 5792.) When they did, they discovered that it had water damage. (ECF No. 260-2 at PageID 5421.) Plaintiffs concluded that Defendant made improper repairs. (*Id.*) At no cost to Plaintiffs, Defendant sent an inspector to assess the damage and the inspector recommended additional repairs. (*Id.*) And so Defendant picked up the camper, made the repairs, and returned the camper to Plaintiffs, at no charge. (ECF No. 260-2 at PageID 5421; ECF No. 260-3 at PageID

---

the record for support. Defendant's summary judgment motion contains a statement of undisputed facts that complies with Local Rule 56.1's requirements. And because Plaintiffs never responded to Defendant's summary judgment motion, the Court considers these facts to be undisputed. (ECF No. 277 at PageID 5791.)

5453–54.)  Since the repairs, Plaintiffs have not used the camper or taken the camper for

additional repairs or services.  (ECF No. 260-2 at PageID 5421.)

Plaintiffs sued Defendant in August 2021, alleging, among other claims, breach of

contract and negligence.  (*Id.*)  Plaintiffs allege that the work orders for the tire damage created a

contractual relationship between the parties.  (*Id.* at PageID 5422.)  But they never identified a

provision of the work order that Defendant purportedly breached or even the amount in damages.

(*Id.*)  Defendant moved for summary judgment on these claims.  (ECF No. 260.)  Plaintiffs then

filed their own motion for summary judgment and Defendant responded in opposition.  (ECF No.

261, 267.)

After recounting the factual and procedural history, Judge Claxton outlined the legal

standard for evaluating summary judgment motions.  (ECF No. 277 at PageID 5793–94.)  She

next analyzed the two claims—breach of contract and negligence—comparing the parties'

allegations and factual support.  (*Id.* at PageID 5795–98.)  In the end, Judge Claxton

recommended that this Court deny Plaintiffs' Motion for Summary Judgment and grant

Defendant's Motion for Summary Judgment.  (*Id.* at PageID 5798.)  Having reviewed the record

here, this Court agrees with Judge Claxton's reasoning and her recommendations.  The Court

will next address the legal standard for this ruling.

## LEGAL STANDARD

Courts grant summary judgment "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.

R. Civ. P. 56(c).  The Court must view the evidence—and justifiable inferences from the facts—

in a light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp*., 475 U.S. 574, 587 (1986).  Summary judgment is then proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325.  Once a party moves for summary judgment, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict of the nonmoving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986).  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co* 475 U.S. at 586.

Though Courts hold pro se plaintiffs "to less stringent standards than formal pleadings drafted by lawyers," *Williams v. Curtin,* 631 F.3d 380, 383 (2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)), those parties still must follow the Federal Rules of Civil Procedure.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011).  What is more, courts need not create a pro se litigant's claim for him.  *Payne v. Sec. of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (citations omitted).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim.  28 U.S.C. § 636(b)(1)(A)–(B).  And under Federal Rule of Civil

Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Judge Claxton entered the R&R on February 15, 2024, and Plaintiffs timely filed their objection. (ECF Nos. 275, 278.)

When a party objects timely to an R&R, the Court must review de novo that "part of the magistrate judge's disposition." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* And a district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

In effect, a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). And a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

The Court now turns to its analysis.

## DISPOSITION

Having conducted a de novo review, the Court agrees with Judge Claxton's R&R for the reasons below.

## I.      Choice of Law

In their summary judgment motion, Plaintiffs ask this Court to apply Mississippi Law, specifically Miss. Code §§ 11-1-60 and 11-1-65. (ECF No. 261 at PageID 5503.) This is surprising because Miss. Code § 11-1-60 relates to damages and timing for a Medical

Malpractice case. Plaintiffs offer no explanation why this code is relevant. As for Miss. Code §
11-1-65, it relates to punitive damages. That provision states that such damages "may not be
awarded if the claimant does not prove by clear and convincing evidence that the defendant
against whom punitive damages are sought acted with actual malice, gross negligence which
evidences a willful, wanton or reckless disregard for the safety of others, or committed actual
fraud." This statute reflects Mississippi caselaw that "does not favor punitive damages" and
considers them a remedy only applied "with caution and within narrow limits." *Affordable Care,
L.L.C. v. JNM Office Property, L.L.C.*, 2024 WL 1234928, at \*12 (5th Cir. Mar. 22, 2024)
(quoting *Life & Cas. Ins. of Tenn. v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988)). And punitive
damages are not usually recoverable in breach of contract claims. *Caldwell v. Alfa Ins. Co.*, 686
So. 2d 1092, 1095 (Miss. 1996).

To add to the confusion, in their summary judgment motion, Plaintiffs rely on Tennessee
law and its standards for proving a breach of contract and a negligence claim. (ECF No. 261 at
PageID 5508–09, 5512.) Because this Court sits in diversity, it applies "state substantive law
and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 417 (1996).
When a conflict of law arises during such an action, "the choice-of-law rules of the forum state"
govern. *Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014).
There is no conflict of law issue here, however, because Tennessee and Mississippi law is almost
identical to these causes of action.

For breach of contract claims, Tennessee follows the rule of *lex loci contractus*, meaning
a contract is presumed to be governed by the state law where it is executed, absent intent to the
contrary. *Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co.*, 823 F.Supp.2d
786, 801 (W.D.Tenn.2011) (quoting *Se. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666,

672 n. 8 (6th Cir. 2006)).  Judge Claxton noted, and this Court agrees, that Plaintiffs have not

shown that a contract existed between the parties.

　　　To bring a breach of contract claim in either Mississippi or Tennessee, a plaintiff must

show the existence of a valid contract.  *See ARC LifeMed, Inc., v. AMC-Tenn., Inc.*, 183 S.W.3d

1, 26 (Tenn. Ct. App. 2005) and *MultiPlan, Inc. v. Holland*, 937 F.3d 487, 497 (5th Cir. 2019)

(quoting *Maness v. K&A Enters. of Miss*., 250 So. 3d 402, 414 (Miss. 2018)).  Plaintiffs never

identified the document that created a valid contract between the parties and so the Court cannot

determine where the parties contracted.  No matter what state law the Court applies here,

Plaintiffs' breach of contract claim fails because they fail to show the existence of an agreement

between the Parties.

　　　Plaintiffs' negligence claim also fails under both Tennessee and Mississippi law.  As the

forum state, Tennessee law requires that a party prove 1) a duty of care owed by the defendant to

the plaintiffs; 2) conduct falling below the applicable standard of care breaching that duty; 3) an

injury or loss; 4) in fact and proximate causation.  *Kellner v. Budget Car & Truck Rental, Inc*.,

359 F.3d 399, 403 (6th Cir. 2004) (quoting *Bennett v. Putnam County*, 47 S.W.3d 438, 443

(Tenn. Ct. App. 2000)).  And Mississippi law requires these same elements for a negligence

claim: duty, breach, causation, and harm*.  Funches v. Progressive Tractor & Implement Co.,

L.L.C.*, 905 F.3d 846, 851 (5th Cir. 2018).

　　　Plaintiffs do not explain why, and in what capacity, this Court should apply Mississippi

law.  As shown, applying either Tennessee or Mississippi would yield the same result—granting

Defendant's summary judgment motion on both claims.

**II.     Plaintiffs' Breach of Contract Claim Fails and Defendant Is Entitled to Summary Judgment**

To state a claim for breach of contract, a party must show: 1) the existence of an enforceable contract; 2) performance or nonperformance that amounts to a breach; and 3) damages caused by the breach. *Davidson v. Arlington Cmty. Sch. Bd. of Educ.*, 847 F. App'x 304, 310 (6th Cir. 2021) (quoting *Custom Built Homes v. G.S. Hinsen Co.*, 1998 WL 960287, at *3 (Tenn. Ct. App. Feb. 6, 1998)).  Plaintiffs have not shown that a contract existed between the parties here.  This absence dooms their claim.  *See Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012) ("[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached") (quoting *Harris v. Am. Postal Workers Union*, 198 F.3d 245 (6th Cir. 1999).

In their summary judgment motion, Plaintiffs repeatedly refer to a singular "service agreement" and then to "agreed service contracts."  But, if these documents exist, Plaintiffs fail to make them part of the record.  (*See* ECF No. 166-1 at PageID 2606, 2621, 2648, 2657.)  And in response to Defendant's interrogatories, Plaintiffs confirmed that no oral contract existed, refuting any argument that the contract was implied.  (ECF No. 249-1 at PageID 5245; ECF No. 249-2 at PageID 5249.)

Then, in exhibits attached to their summary judgment motion, Plaintiffs assert that the contract at issue is the "work orders."  (ECF No. 260-3 at PageID 5457–58.)  But Plaintiffs still do not identify any express obligation or promise included in these work orders that Defendant allegedly breached.  (*Id.* at PageID 5455–58; ECF No. 260-4 at PageID 5468.)

But even if Plaintiffs could prove that the work orders created an enforceable agreement, they have not identified the provision that Defendant allegedly breached, or even provided a

method to determine the damages—for these reasons, summary judgment must be granted to Defendant. *See Nelson v. Christian Bros. Univ.,* 226 F. App'x 448, 456 (6th Cir. 2007) (affirming summary judgment when plaintiff could not connect the allegations to her employer's purported breach of their agreement); *see also*, *McGee v. Armstrong*, 941 F.3d 859, 869 (6th Cir. 2019) (same).

The crux of Plaintiffs' damages allegations pertains to water leakage that they noticed seven months after Defendant repaired the camper's tires. (ECF No. 261-1 at PageID 5512–13; ECF No. 261-2 at PageID 5527–28; ECF No. 261-3 at PageID 5532–33.)  But Plaintiffs cite no evidence in the record or explain how Defendant's actions or inactions connect this water damage to a breach of any agreement.  (*Id.*)  The inability to do so means that no issue of material fact exists.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

More importantly, after Defendant repaired the camper, Plaintiffs signed a release that said: "I/We have inspected my/our vehicle and have examined the work done. I/We confirm that the requested work has been completed to my/our satisfaction."  (ECF No. 260-5 at PageID 5488).  The Tennessee Court of Appeals has found that a party cannot sign such an order and then pursue a breach of contract claim.  *See Lapinsky v. Cook*, 536 S.W.3d 425, 428-29, 441-42 (Tenn. Ct. App. 2016) (upholding the trial court's grant of summary judgment based on the earlier acknowledgment that repairs were satisfactorily performed); *see also*, *Pidcock v. Ewing*, 435 F. Supp. 2d 657, 663 (E.D. Mich. 2006) (granting summary judgment for the defendant when the plaintiff signed a work order stating that the vehicle had been repaired to their satisfaction).

For these reasons, Judge Claxton recommended granting summary judgment for

Defendant on this breach of contract claim.  (ECF No. 277 at PageID 5796.)  This Court agrees

with Judge Claxton's recommendation and her reasoning on this point.

**III.     Plaintiffs' Negligence Claim Fails and Defendant Is Entitled to Summary Judgment**

A negligence claim requires: 1) a duty of care owed by a defendant; 2) a breach of that

duty; and 3) an injury that was in fact and proximately caused by the defendant's breach.

*Menuskin v. Williams*, 145 F.3d 755, 765 (6th Cir. 1998) (quoting *Lindsey v. Miami Dev. Corp.*,

689 S.W.2d 856, 858 (Tenn. 1985)).  So a party moving for summary judgment on a negligence

claim prevails if it negates any of the elements or shows that the plaintiff cannot prove one of the

elements at trial.  *White v. Bradley Cnty. Gov't*, 639 S.W.3d 568, 581 (Tenn. Ct. App. 2021).

This negligence allegation turns on the second element—breach.  The standard for

determining when a breach occurs is based on evidence, logic, and public policy.  *See Tolliver v.*

*Tellico Vill. Prop. Owners Ass'n, Inc.*, 579 S.W. 3d 8, 21 (Tenn. Ct. App. 2019) (citation

omitted).  But in a case like this, when the subject matter is foreign or not obvious to a layperson,

expert testimony is required to prove that a breach occurred.  *Tolliver*, 579 S.W.3d at 21-22

(citation omitted).

Because this case turns on whether Defendant made proper repairs to a camper,

Tennessee courts require expert testimony to explain the standard of care for these "complex"

products.  *Coffey v. Dowley Mfg., Inc.*, 187 F. Supp. 2d 958, 972 (M.D. Tenn. 2002).[3]  And

---

[3] Other jurisdictions have found recreational vehicles to be complex products that require expert
testimony to prove defective or faulty repairs.  *See Bailey v. Monaco Coach Corp.*, 350 F. Supp.
2d 1036, 1046 (N.D. Ga. 2004), *aff'd*, 168 F. App'x 893 (11th Cir. 2006); *McLaughlin v.*
*Monaco RV LLC*, 2015 WL 5355465, at *4-5 (M.D. Fla. Sept. 14, 2015); *Sennett v. Fleetwood*
*Motor Homes of Cal., Inc.*, 2006 WL 1544373, at *7 (D. Ariz. June 2, 2006); T*eerling v.*
*Fleetwood Motor Homes of Indiana, Inc.*, 2001 WL 641337, at *6 (N.D. Ill. June 4, 2001).

recreational vehicles are considered complex machines.  *See Pidcock*, 435 F. Supp. 2d at 663

(referring to motor homes as "complex product[s]"); *see also*, *Brown v. Raymond Corp.*, 432

F.3d 640, 649 (6th Cir. 2005) (expert testimony required on whether forklift brakes worked

properly) and *Simpson v. O'Reilly Auto. Stores, Inc.*, 2014 WL 11514969, at *6 (W.D. Tenn.

Dec. 30, 2014) (requiring expert testimony because "ordinary consumers do not have the sort of

familiarity with radiators that would engender expectations as to how they would perform.").

  And Plaintiffs do not dispute that expert testimony is needed; in fact, they acknowledged

this requirement many times.  (ECF No. 191-13 at PageID 4096–97; ECF No. 191-14 at PageID

4123–24; ECF No. 200 at PageID 4397.)  In September 2023, Plaintiffs identified four expert

witnesses in their expert witness disclosures.  (ECF No. 225-5 at PageID 4867–72).  And

Plaintiffs supplemented these disclosures in October 2023, because their original disclosures did

not comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  (ECF No. 220).  But

on December 4, 2023, the Court struck these expert witnesses from testifying under Rule

37(c)(1) because Plaintiffs again failed to comply with Rule 26(a)(2) of the Federal Rules.  (ECF

No. 248).

  Now discovery is closed, and Plaintiffs do not have any expert witness testimony to

support their negligence claim.  Without this testimony to prove that a breach occurred,

Plaintiffs' negligence claim fails as a matter of law.  (ECF No. 277 at PageID 5798.)  Judge

Claxton thus recommended that Defendant is granted summary judgment on Plaintiffs'

negligence claim.  (*Id.*)  After review, this Court agrees.

## CONCLUSION

  Having conducted a de novo review, the Court **ADOPTS** the R&R, **DENIES** Plaintiffs'

Motion for Summary Judgment, and **GRANTS** Defendant's Motion for Summary Judgment.

**SO ORDERED**, this 29th day of March, 2024.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE